STATE, CHARLES H. LOZIER, PROSECUTOR, v. THE BOARD OF HEALTH OF THE CITY OF NEWARK.

1. The ordinance of the city of Newark in relation to the board of health, passed May 21st, 1885, is void. The several acts relating to boards of health considered.

*Quere:* Are acts of 1881, 1883 and 1885, relating to boards of health, valid laws ?

---

On *certiorari* to review an ordinance of the board of health of the city of Newark.

Argued at February Term, 1886, before Justices DEPUE and VAN SYCKEL.

For the plaintiff, *J. Frank Fort.*

For the defendants, *Joseph Coult.*

The opinion of the court was delivered by

VAN SYCKEL, J.   Prior to May 21st, 1885, the board of health of the city of Newark consisted of the mayor, the health physician, the committee of public health, and four citizens selected for that purpose, the body being thus composed of more than seven persons.

On the 21st day of May the common council passed a resolution that the said board of health be substituted for and declared to be a board of health, under the terms and provisions of an act of the legislature of this state entitled "An act concerning the protection of the public health, and the record of vital facts and statistics relating thereto," approved March 11th, 1880, and the supplements thereto, and the acts amendatory thereof.

The terms of office of the several members of said board were fixed by said ordinance as follows:

The term of the several members of the committee on public health to be for one year each.

The term of the other six members to be respectively two, three and four years.

The ordinance which is the subject of review in this case was passed by the board of health constituted as aforesaid by the ordinance of May 21st, 1885.

The objection to the certified ordinance is radical. The relator denies that the said board of health has a legal existence. This involves the construction of the act of March 11th, 1880, before referred to, and several supplements thereto.

The act of March 11th, 1880, (*Pamph. L.,* p. 206,) does not authorize the re-organization of existing boards; it relates to the creation of new boards of health in a manner with which the defendant has not complied.

The act of 1881, (*Pamph. L.,* p. 160,) is not a supplement to the act of 1880, but is entitled "An act relating to local

boards of health." It authorizes existing boards of health in cities, by order and direction of the mayor and common council, to organize their boards in accord with the provisions of the act of March 11th, 1880.

The act of 1883, (*Pamph. L., p.* 119,) relates to boards organized under the acts of 1880 and 1881, and it is entitled a supplement to the act of 1881 before mentioned.

The act of 1885, which is a supplement to the act of 1880, in its second section provides that nothing in the said act shall relate to or affect any boards of health now organized in any of the cities of this state under the provisions of their charters, unless such boards of health have been or shall be substituted or re-organized by vote or ordinance of the common council, and if so substituted or re-organized in accord with the powers and intent of this act, said board shall possess all the powers conferred by this act and the supplements thereto, and by an act entitled "An act relating to local boards of health," approved March 22d, 1881.

The first section of the act of 1885, which amends the first section of the act of 1880, requires that a board of health shall not consist of more than seven members, to be nominated by the mayor and approved by the common council, to serve not less than three years.

To these provisions the ordinance of May 21st, 1885, does not conform, nor does it comply with the like provisions in the prior acts.

The board of health, as constituted by the ordinance of May 21st, consisted of more than seven members; they were not nominated by the mayor and approved by common council, and they were not chosen to serve for at least three years.

It is not, therefore, such a board of health as can exercise the powers intended to be conferred by the legislation referred to.

It will also be observed that the ordinance of May 21st declares that the organization is made under the act of 1880 and the supplements thereto, and the acts amendatory thereof.

The acts of 1881 and 1883 are not, as has been stated, sup-

Lozier v. Newark.

plements to the act of 1880, and it is a grave question whether the acts of 1881 and 1883, and the act of 1885, which incorporates in it the powers conferred by the act of 1881 by mere reference to its title, are not in contravention of that provision of the constitution of this state, which declares that " no act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of the act, or which shall enact that any existing law, or any part thereof, shall be applicable except by inserting it in such act." *Amended Constitution, art. IV.,* § 7, ¶ 4.

The ordinance certified is without authority and must be set aside.